UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RHONDA ALLISON DESCHLER,

Plaintiff,

v.

Case No. 25-cv-0629-bhl

FRANK BISIGNANO, Commissioner of the Social Security Administration,

Defendant.

---

## DECISION AND ORDER

---

Plaintiff Rhonda Allison Deschler seeks review of a final decision of the Commissioner of the Social Security Administration, denying her claim for disability insurance benefits under the Social Security Act, 42 U.S.C. §405(g). For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On August 16, 2021, Deschler applied for disability insurance benefits alleging a disability onset date of June 15, 2021, when she was 42 years old. (ECF No. 9-3 at 16; ECF No. 9-6 at 5–6.) After her claims were denied initially and on reconsideration, she requested a hearing before an administrative law judge (ALJ). (ECF No. 9-3 at 16; ECF No. 9-5 at 21–22.) The ALJ held a hearing on April 29, 2024, at which Deschler and a vocational expert offered testimony. (ECF No. 9-3 at 42–70.) Just over three months later, on August 7, 2024, the ALJ issued a decision denying Deschler's claim. (*Id.* at 16–31.) In the decision, the ALJ followed the five-step sequential evaluation of disability set forth in 20 C.F.R. §1404.1520. (*Id.*) The ALJ found that Deschler had severe impairments and significant symptoms and was limited to sedentary work with additional restrictions. (*Id.* at 19, 23.) But the ALJ also found that Deschler could perform a number of jobs that exist in significant numbers in the national economy and therefore was not disabled. (*Id.* at 30–31.) On February 25, 2025, the Appeals Council denied Deschler's request

for review of that decision. (*Id.* at 2–4.) Deschler now seeks judicial review pursuant to 42 U.S.C. §405(g).

In her application for disability insurance benefits, Deschler alleged disability due to scleroderma, morphea, joint swelling, vertigo, migraines, bipolar, ADHD, depression/anxiety/mania, joint pain, and fibromyalgia. (ECF No. 9-3 at 24 (citing ECF No. 9-7 at 6).) She indicated she had stopped working on June 11, 2021, but had previously worked as a Certified Nursing Assistant, housekeeper, and restaurant laborer. (ECF No. 9-7 at 8.) Deschler asserted that her impairments affected her ability to lift, squat, bend, stand, reach, walk, sit, kneel, talk, hear, climb stairs, see, remember, complete tasks, concentrate, understand, follow instructions, use her hands, get along with others, handle stress and handle changes in routine. (ECF No. 9-3 at 24 (citing ECF No. 9-7 at 19–26, 45–60, ECF No. 9-8 at 353–438).)

At the hearing, Deschler testified that arthritis and finger ulcers related to scleroderma caused her hands to shake and she had difficulty grasping. (ECF No. 9-3 at 24.) She also described other symptoms related to these conditions, including fatigue and joint swelling and testified to medication side effects, including nausea, fatigue, vertigo, and brain fog. (*Id.*) Deschler further reported suffering from nightmares and stress. (*Id.*)

Deschler's medical records were reviewed by two state agency physicians, and both found that Deschler could perform light work. (*Id.* at 27.) State agency psychologists also assessed Deschler and found she had moderate difficulties but was capable of performing work that was done fairly independently with a fairly regular set of duties and expectations. (*Id.*)

At step one of his analysis, the ALJ concluded that Deschler had not engaged in substantial gainful activity since her alleged onset date, June 15, 2021. (*Id.* at 18–19.) The ALJ next found at step two that Deschler had severe impairments of lumbar degenerative disc disease, rheumatoid arthritis, fibromyalgia, scleroderma, Sjogren's syndrome, varicose veins of left lower extremity, major depressive disorder, posttraumatic stress disorder, attention-deficit disorder, and anxiety disorder. (*Id.* at 19.) At step three, the ALJ determined that none of those impairments met or equaled any of the agency's listings of impairments. (*Id.*) The ALJ then found that Deschler had the Residual Functional Capacity (RFC) to perform sedentary work as defined in 20 C.F.R. §404.1567(a) with postural, manipulative, environmental, and mental limitations. (*Id.* at 23.) He restricted Deschler to occasionally climbing ramps and stairs; occasionally balancing, stooping, kneeling, crouching, and crawling; occasionally pushing and pulling with her legs; frequently (but

not constantly) handling and fingering; no exposure to extreme cold, unprotected heights, and dangerous moving machinery; only occasional exposure to vibrations; simple instructions; simple decisions; and occasional changes in a routine work setting. (*Id.*) At step four, the ALJ found that Deschler had no past relevant work. (*Id.* at 29.) At step five, the ALJ found that there were a significant number of jobs in the national economy that Deschler could perform and therefore determined that she was not disabled. (*Id.* at 30–31.)

## LEGAL STANDARD

The Commissioner's final decision on the denial of benefits will be upheld "if the ALJ applied the correct legal standards and supported his decision with substantial evidence." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) (citing 42 U.S.C. § 405(g)). Substantial evidence is not conclusive evidence; it is merely "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* In rendering a decision, the ALJ "must build a logical bridge from the evidence to his conclusion, but he need not provide a complete written evaluation of every piece of testimony and evidence." *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) (quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005)).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053–54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow [a reviewing court] to assess the validity of the agency's ultimate findings and afford [the plaintiff] meaningful judicial review." *Id.* at 1054 (cleaned up) (citations omitted). In reviewing the record, the Court does not displace the ALJ's judgment by reweighing evidence, resolving evidentiary conflicts, or deciding questions of credibility. *Reynolds v. Kijakazi*, 25 F.4th 470, 473 (7th Cir. 2022). Judicial review is deferential and is limited to the rationales offered by the ALJ. *See Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943)). If substantial evidence supports the ALJ's disability determination, the decision must be affirmed, "even where reasonable minds might disagree about the outcome." *Bakke v. Kijakazi*, 62 F.4th 1061, 1068 (7th Cir. 2023).

## ANALYSIS

Deschler alleges that the ALJ made four errors requiring a remand. First, Deschler contends that the ALJ's step five finding that there were a significant number of jobs in the national economy that Deschler could still perform was not supported by substantial evidence. (ECF No. 13 at 3–9.) Second, Deschler argues that the ALJ's RFC determination was not supported by substantial evidence because the ALJ failed to explain how the evidence supported the assessed limitations and failed to consider the combined impact of Deschler's impairments with obesity. (*Id.* at 9–18.) Third, Deschler contends that the ALJ's evaluation of her physical therapist was legally insufficient. (*Id.* at 19–24.) Fourth, Deschler argues that the ALJ's analysis of Deschler's subjective symptoms was also legally insufficient. (*Id.* at 24–30.) Because none of these challenges supports a remand, the Commissioner's decision will be affirmed.

### I. Deschler Forfeited Any Challenge to the Vocational Expert's Testimony By Failing To Object.

Deschler complains that the jobs available in the national economy that were identified by the vocational expert were obsolete and, therefore, the ALJ should not have relied upon them. (ECF No. 13 at 3–9.) The record confirms that at the hearing, the ALJ asked the vocational expert if a person who retained Deschler's RFC could perform and sustain work in the national economy. (ECF No. 9-3 at 65.) The vocational expert testified that a person so limited could perform work as call-out operator (Dictionary of Occupational Titles (DOT) code 237.367-014), a telephone information clerk (DOT code 237.367-046), and an addresser (DOT code 209.587-010). (*Id.* at 65–66.) The vocational expert noted that the addresser job is performed differently than in the DOT, which indicates the addressing is done by hand or typewriter. (*Id.* at 65.) Instead, the vocational expert explained that the position utilizes unskilled computer data entry. (*Id.* at 65–66.) Neither Deschler nor her attorney asked any questions about the obsolescence of any of the jobs, even when given the opportunity to examine the vocational expert and even after the vocational expert clarified the addresser position. Deschler's counsel also failed to object based on the ground he now raises in this Court.[1]

[1] Counsel's sole objection to the expert's testimony invoked *Chavez v. Berryhill*, 895 F.3d 962 (7th Cir. 2018) and concerned the number of jobs found by the expert. (ECF No. 9-3 at 68.) The ALJ overruled that objection in his decision, (ECF No. 9-3 at 31), and the Deschler does not renew that objection in her brief.

Deschler has forfeited any challenge related to the identified jobs being obsolete. The Seventh Circuit is clear that "[a] claimant who fails to object at the hearing forfeits any challenge to the [vocational expert's] testimony." *Fetting v. Kijakazi*, 62 F.4th 332, 337–38 (7th Cir. 2023) ("When no one questions the vocational expert's foundations or reasoning, an ALJ is entitled to accept the vocational experts conclusions."); *see also Leisgang v. Kijakazi,* 72 F.4th 216, 219–20 (7th Cir. 2023) ("Our case law is clear that this principle holds true in the Social Security context" that "a claimant must object to the VE's testimony or otherwise indicate that the testimony is unreliable during the administrative hearing (or after, in a posthearing brief) to preserve his objection."). The Seventh Circuit has further clarified that the objection must be specific to avoid forfeiture, a claimant must do more than make a general objection or vaguely question the vocational expert's methodology. *Fetting*, 62 F.4th at 338. In this case, Deschler's counsel failed to timely object and challenge the vocational expert's testimony about the nature of the jobs available to Deschler in the national economy. Deschler has thus forfeited her arguments with respect to those jobs.

**II. The ALJ's Residual Functional Capacity is Supported by Substantial Evidence.**

Descher next complains that the ALJ's RFC assessment did not adopt the restrictions of any one medical source. (ECF No. 13 at 9–10.) This objection is misplaced because the regulations do not require the ALJ to base the RFC on a specific medical opinion. The ALJ's job is to weigh the evidence and to determine a claimant's functional capacity. *See* 20 C.F.R. §404.1546(c) ("If your case is at the administrative law judge hearing level or at the Appeals Council review level, the administrative law judge or the administrative appeals judge at the Appeals Council (when the Appeals Council makes a decision) is responsible for assessing your residual functional capacity."); 20 C.F.R. §404.1520c(a) ("We will not defer or given any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources.") The ALJ need not rely on a specific medical opinion in determining a claimant's RFC. *See Schmidt v Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) ("[T]he ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians."). Here the ALJ evaluated evidence from multiple sources and crafted the RFC, which is exactly what he is tasked to do.

The record confirms that the ALJ evaluated the opinions of the state agency medical and psychological consultants and found more restrictions than those doctors had opined. State agency

medical consultants Gerard Chrabaszcz, M.D. and Craig Billinghurst, M.D. opined that Deschler was capable of light work, including standing/walking up to six hours and sitting up to six hours in an eight-hour workday. (ECF No. 9-4 at 11, 27.) They further found that Deschler was limited to not climbing ladders, ropes or scaffolds, frequent crouching, frequent bilateral handling, frequent fingering on the right, and must avoid concentrated exposure to cold. (*Id.* at 12–13, 27–28.) Deschler was also noted to be working part-time, four mornings a week at a cleaning company. (*Id.* at 13.) The ALJ explained that these opinions were not persuasive based on later records, including continued treatment and a more recent recommendation for surgery, which he indicated more reasonably support a limitation to sedentary work. (ECF No. 9-3 at 27 (citing ECF No. 9-16 at 39–51, 53–65).) The ALJ noted that Deschler retained relatively good physical functioning and X-rays of Deschler's right hand and left knee from September 2021 were unremarkable. (ECF No. 9-3 at 25 (citing ECF No. 9-8 at 647–56).) Deschler was observed to be healthy appearing, with sensation intact, full range of motion, normal tone, 5/5 motor strength, symmetrical reflexes and varicose veins were not seen. (*Id.* (citing ECF No. 9-8 at 439–646, 647–57 and ECF No. 9-11 at 59–108).) The ALJ also reviewed medical records indicating that on February 28, 2023, Deschler "has improved significantly" and on July 24, 2023, Deschler reported that "she still is doing quite well with respect to joint pain and stiffness" and rated pain 2.5 out of 10. (ECF No. 9-11 at 63.) The ALJ determined that no greater limitations than those in the assigned RFC are supported given Deschler's "generally good physical examination findings, and generally good ability to tend to her activities of daily living as well as traveling and other hobbies." (ECF No. 9-3 at 27 (cited sources omitted).)

The state agency psychological consultants Robert Barthell, Psy.D. and Alvin Smith, Ph.D., opined that Deschler had mild limitations in understanding, remembering, or applying information, mild limitations in interacting with others, mild limitations in concentrating persisting, or maintaining pace and moderate limitations in adapting or managing oneself. (ECF No. 9-4 at 9–10, 14–15, 25–26.) In particular, Dr. Smith found that Deschler would do best in a job that allows her to perform tasks "fairly independently" does not require changing tasks from day to day but rather has a fairly regular set of duties and expectations to provide Deschler flexibility when facing changes in the workplace. (*Id.* at 31.) The ALJ found these opinions to be somewhat persuasive and accommodated Deschler's limitations by determining that she can understand, remember and carry out simple instructions, can maintain attention, concentration,

persistence and pace for two-hour segments, can use judgment to make simple work-related decisions, and can deal with occasional changes in a routing work setting. (ECF No. 9-3 at 27.)

The ALJ's explanation for discounting in part the opinions of the agency consultants was sufficient and supported by substantial evidence. *Crowell v. Kijakazi*, 72 F.4th 810, 815–16 (7th Cir. 2023) (noting that the ALJ sufficiently explained why he gave the most weight to the opinions of two state agency psychologists and holding that an ALJ "is not obligated to give controlling weight to the treating physician if he finds that opinion not worthy of such weight."). Although Deschler complains that the ALJ found that Deschler was more limited than the state-agency physicians did, that argument does not establish grounds for remand. The ALJ augmented the state agency physicians' findings and limited Deschler to sedentary work. As previously noted, it is the ALJ's job to evaluate the evidence and craft the RFC – the most a claimant can do in the workplace.

Deschler complains that the ALJ's decision did not demonstrate that he considered the combined impact of her obesity with her other impairments. (ECF No. 13 at 12–13.) The ALJ determined Deschler's obesity to be a non-severe impairment because she participated in weight management appointments and her condition "should be amenable to proper control by adherence to weight management recommendations." (ECF No. 9-3 at 19.) Regardless, even if the ALJ did not affirmatively consider the combined impact of Deschler's obesity with her other impairments, beyond determining that her obesity was a non-severe impairment, any error would be harmless. The record confirms that the ALJ indirectly accounted for Deschler's obesity by evaluating the state agency consultants' opinions which noted that she had a BMI of 35. (ECF No. 9-3 at 19; ECF No. 9-4 at 29.) In addition, Deschler does not specify how her obesity impaired her ability to perform sedentary work and therefore any remand for explicit consideration of Deschler's obesity would not affect the outcome of this case. *See McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011) (an ALJ's error is harmless if a court can "can predict with great confidence what the result on remand will be").

**III. The ALJ Evaluated Deschler's Physical Therapist's Opinion and Reasonably Determined His Restrictions to Be Extreme, Not Supported, and Inconsistent with the Overall Medical Evidence.**

Deschler's third complaint is that the ALJ's evaluation of her physical therapist's opinions was legally insufficient. (ECF No. 13 at 19.) On March 13, 2024, Michael Koch, PT, submitted

a Medical Source Statement opining that Deschler could sit thirty minutes at one time, stand five minutes at one time, and walk only one block without rest or severe pain. (ECF No. 9-11 at 292.) He opined that Descher could sit less than two hours and stand and/or walk less than two hours total in an eight-hour workday. (*Id.*) He opined that Deschler required a job which permitted her to shift positions at will from sitting, standing, or walking; needed periods of walking around during the workday (every thirty minutes for two to four minutes); and needed unscheduled breaks during the workday (about every one to two hours for ten minutes) due to chronic fatigue, pain/paresthesias, and numbness. (*Id.*) He further opined that Deschler could lift ten pounds rarely and less weight occasionally. (*Id.* at 293.)

The ALJ found Koch's opinions were not persuasive and noted that the overall record supported Deschler's limitation to sedentary work "given her generally good physical examination findings, and generally good ability to tend to her activities of daily living as well as traveling and other hobbies." (ECF No. 9-3 at 28.) The ALJ also highlighted evidence of Deschler's daily activities, including taking care of her daughter, preparing meals, doing housework, crocheting, driving, taking public transportation, shopping, managing her money, watching television, reading, handling her own medical care, and attending medical appointments. (*Id.* at 26.) The ALJ also noted Deschler's "extensive travel and adventure calendar" including driving to Michigan and walking to waterfalls in 2021, extensive travel in April 2022 to take her daughter to school, driving to Montana in May 2023, riding to Wyoming and back in June of 2023 and rafting, tubing and kayaking during the summer of 2023. (*Id.* at 26.) The ALJ's rejection of the physical therapist's extreme limitations was reasonable given Deschler's overall functioning and daily activities and the ALJ's determination that such extreme limitations were not consistent with the overall evidence or record.

Deschler faults the ALJ for not considering the similarities of Koch's opinion with the opinion of Jennifer Schoepke, APNP. (ECF No. 13 at 22–23.) The ALJ, however, discussed why he found Ms. Schoepke's opinions to be unpersuasive, concluding that her limitations were also inconsistent with the evidence. (ECF No. 9-3 at 28–29); *see Hughes v. Kijakazi*, 21-cv-367-slc, 2022 WL 4103194, at *12 (W.D. Wis. Sept. 8, 2022) ("The fact that medical opinions are consistent with each other does not, in and of itself, establish that any of the opinions were entitled to great weight or that the ALJ erred."). The ALJ provided an explanation for why he found neither opinion persuasive and this Court is prohibited from reweighing the evidence or substituting its

judgment for that of the ALJ. In conclusion, the ALJ evaluated the record and sufficiently explained how restricting Deschler to sedentary work accommodated her severe impairments.

## IV. The ALJ's Subjective Symptom Analysis Was Not Patently Wrong.

Deschler's final ground for remand is her contention that the ALJ's analysis of her subjective symptoms was legally insufficient because he failed to explain his conclusions and analyze the factors listed in 20 C.F.R. §404.1529 and Social Security Ruling (SSR) 16-3p. (ECF No. 13 at 24–30.) When determining the existence or extent of a disability, SSR 16-3p requires ALJs to consider a claimant's "own description or statement of . . . her physical or mental impairment(s)." SSR 16-3p, 2017 WL 5180304, at *2 (Oct. 25, 2017). This is a two-step process. First, the ALJ considers "whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms." *Id.* at *3. Second, if there is such an impairment, the ALJ must "evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities." *Id.* "Subjective statements by claimants as to pain or other symptoms are not alone conclusive evidence of disability and must be supported by other objective evidence." *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022) (citations omitted). The Social Security Act provides that, "an individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability." 42 U.S.C. § 423(d)(5)(A). "Objective medical evidence of pain or other symptoms. . . must be considered in reaching a conclusion as to whether the individual is under a disability." *Id.* Because an ALJ "is in the best position" to make this credibility determination, reviewing courts will reverse it only if "patently wrong." *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009) (citations omitted); *see also Tutwiler v. Kijakazi*, 87 F.4th 853, 859 (7th Cir. 2023). And a credibility finding is not "patently wrong" if the ALJ discredited the claimant's subjective testimony based on "many specific reasons supported by the evidence." *Hall v. Berryhill*, 906 F.3d 640, 644 (7th Cir. 2018).

In assessing Deschler's subjective symptoms, the ALJ found that the record failed to substantiate Deschler's allegations of disabling symptoms. (ECF No. 9-3 at 25.) The ALJ noted that despite Deschler's lumbar degenerative disc disease, rheumatoid arthritis, fibromyalgia, sclerodermas, Sjogren's syndrome, and varicose veins of left lower extremity, Deschler had retained relatively good physical functioning. (*Id.* at 25–26.) The ALJ further noted that X-rays of Deschler's right hand and left knee from September 2021 were unremarkable and examinations

showed that Deschler appeared healthy, with intact sensation, full range of motion, normal tone, 5/5 motor strength, symmetrical reflexes, and varicose veins were not seen. (*Id.* at 25 (citing ECF No. 9-8 at 439–646, 647–657, ECF No. 9-11 at 59–108).) Deschler also did not use an assistive device. (*Id.* citing ECF No. 9-8 at 647.)

As for Deschler's mental health issues, the ALJ noted that despite Deschler's major depressive disorder, posttraumatic stress disorder, attention-deficit disorder, and anxiety disorder, she retained relatively good mental functioning and explained that Deschler's mental status examinations were primarily normal. (ECF No. 9-3 at 26.) To support this finding, the ALJ noted that Deschler's examinations showed pleasant demeanor, talkativeness, cooperative behavior, appropriate and organized speech, appropriate concentration, interaction, mood and affect, alertness, intact memory, normal thought processes and content, and intact judgment and memory. (*Id.* (citations omitted).) At the hearing, Deschler confirmed that she is not in therapy. (ECF No. 9-3 at 55–56.)

The ALJ noted that Deschler's symptoms improved with treatment. (*Id.* at 26.) In February 2022, Deschler reported overall "feeling better," with her "only issue lately" being knee pain, which she rated as a level of four out of ten, however, the x-rays of the bilateral knees were normal. (*Id.* at 26 (citing ECF No. 9-8 at 370).) In March 2022, Deschler informed her physical therapist that her pain was under control. (*Id.* (citing ECF No. 9-8 at 307).) In February 2023, a rheumatologist noted that Deschler had "improved significantly" with less hand pain. (*Id.* (citing ECF No. 9-11 at 63).) Five months later, the rheumatologist noted that Deschler was doing "quite well" with respect to joint pain and stiffness, although she still complained about symptoms. (ECF No. 9-11 at 63.) By July 2024, a physician assessed Deschler's arthritis to be in remission. (ECF No. 9-3 at 26 (citing ECF No. 9-17 at 17).)

The ALJ reasonably found that given Deschler's objectively good physical and mental status examinations and symptoms improvement with treatment that she was not as limited as alleged and remained capable of performing sedentary work. (ECF No. 9-3 at 26.) Deschler's contention that the ALJ's assessment of Deschler's subjective complaints was lacking is without merit as the ALJ's decision shows that he reasonably weighed Deschler's allegations against a thorough evaluation of the medical evidence and her activities. In determining that Deschler could perform sedentary work, the ALJ reasonably considered Deschler's treatments and the resulting improvement in her symptoms while acknowledging that the treatments did not completely

alleviate her symptoms. Deschler has failed to show that the ALJ's evaluation of her symptoms lacked substantial evidentiary support or was "patently wrong." *See Simila*, 573 F.3d at 517.

As previously noted, an ALJ "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053–54 (citations omitted). An ALJ's decision should be affirmed when the ALJ minimally articulates the bases for his conclusions. *See Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024). Because none of Deschler's asserted grounds provides a basis for remand, the Commissioner's decision is affirmed, and the case is dismissed.

**CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that pursuant to sentence four of 42 U.S.C. §405(g), the decision of the Commissioner of the Social Security Administration is **AFFIRMED**, and the case is **dismissed**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on September 15, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge